Craig Friedberg, Esq.
Nevada Bar No. 004606
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Ph: (702) 435-7968
attcbf@cox.net

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff Oren Franks*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

OREN FRANKS, individually and on behalf all others similarly situated,

            Plaintiff,

            v.

LENS.COM, INC.,

            Defendant.

Case Number: 2:24-cv-0724

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Oren Franks ("Plaintiff") brings this action against Defendant Lens.com, Inc. ("Lens.com" or the "Company") by and through his attorneys, individually and on behalf of all others similarly situated, and alleges with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

### Nature of the Case

1.     Lens.com sells corrective contact lenses online, primarily through its website "www.lens.com".

2.     Defendant advertises low prices to consumers, including Plaintiff, to lure customers to its website. There, consumers fill out details about their corrective lens prescriptions, upload copies of prescriptions, provide address and contact information for their doctor so that prescription information can be verified, and enter their personal information including name, shipping address, billing address and credit card number or other payment information; many also create a dedicated,

1   password protected account with Lens.com during this process.  Throughout this process, Lens.com
2   displays the advertised low prices on the screen.

3       3.      However, late in the checkout process, only after a consumer has been actively
4   providing this information throughout, Lens.com adds a purported "processing fee" to the order,
5   which increases the overall price of the purchase well above those advertised rates. Defendant
6   does everything it can to hide this fee, which is not clearly or obviously disclosed to consumers.
7   Instead, consumers will likely only notice Defendant's covert price change if they realize the total
8   amount they were actually charged at the end of the checkout process is higher than the advertised
9   rates they had been seeing throughout, and many do not spot this discrepancy.

10      4.      This deceptive practice has unjustly enriched Defendant by millions of dollars at
11  consumers' expense through years of hidden fees.

12      5.      Plaintiff brings this suit pursuant to the Nevada Deceptive Trade Practices Act, Nev.
13  Rev. Stat. §598.0903, *et seq*., and common law, on behalf of all persons in the United States
14  overcharged by Defendant based on Defendant's false, misleading, and deceptive advertising
15  ("Class Members" or the "Class") seeking, *inter alia*, injunctive relief, actual damages and refunds,
16  compensatory damages, disgorgement, restitution, liquidated damages, attorneys' fees, and the
17  costs of this suit.

18                                          **Parties**

19      6.      Plaintiff Oren Franks is a natural person residing in Nevada.  At all times mentioned
20  herein, Plaintiff was a customer of Lens.com.

21      7.      Defendant Lens.com, Inc. is a Nevada corporation with a mailing address of P.O.
22  Box 27740, Las Vegas, Nevada 89126.  Lens.com does business throughout the United States,
23  including in the State of Nevada, sells contact lenses to consumers in the State of Nevada, and ships
24  its products to consumers in the State of Nevada.

25                                  **Jurisdiction and Venue**

26      8.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2). The
27  amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and
28  the matter is a class action in which one or more members of the proposed class, which upon

information and belief number in the thousands, are citizens of a state different from the Defendant.

9.      This Court has supplemental jurisdiction over the State law claims in this matter pursuant to 28 U.S.C. § 1367(a), as such causes of action are so related to the claims in the action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, at all relevant times, Lens.com has continuously transacted business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Operative Facts**

11.     Approximately 45 million people in the U.S. wear corrective contact lenses.[1] To obtain contact lenses, a consumer must visit an eye care professional such as an optometrist for a contact lens fitting, and obtain a prescription. Once a consumer obtains a prescription, they can purchase contact lenses.

12.     Contact lenses are typically sold by the "box". Each box of contact lenses contains enough contact lenses to last a certain amount of time. For example, daily disposable contact lenses are often sold in boxes of 30 or 90 contact lenses.

13.     After a consumer visits an eye care professional's office for a contact lens fitting and obtains a prescription, the eye care professional will typically offer to sell the consumer a supply of contact lenses (usually a 6-month supply or a year supply). However, consumers may choose other merchants from whom to purchase the contact lenses themselves. Lens.com is one such merchant advertising contact lenses to consumers, as an alternative to an eye care professional.

14.     Lens.com engages in deceptive and unlawful business practices, at the expense of consumers including Plaintiff, by tagging on a substantial additional charge labeled as a "fee" or "processing fee." This "fee" is substantial and typically results in a final price that is significantly higher than Defendant's advertised prices. This is not actually a fee for any service; it is a made-up charge that Defendant adds to increase the price and its profits.

---

[1] https://www.cdc.gov/contactlenses/fast-facts.html

15.     Many consumers do not notice that a "processing fee" is being added to their order, particularly as it is not prominently or clearly displayed anywhere during Defendant's checkout process.  In this way, Defendant's false advertising increases its sales and profit by deceiving its customers.

16.     On or about October 2022, Plaintiff visited Defendant's website, www.lens.com, to purchase prescription contact lenses.

17.     Once Plaintiff entered his prescription information and selected the brand of contact lenses that he wanted to purchase, Defendant's website indicated that the "total" price per box for the "Right Eye" would be "$75.24" and the "total" price per box for the "Left Eye" would be "$75.24."



18.     Based on this information represented by Lens.com, Plaintiff's purchase price for two boxes of contact lenses would be approximately $150.48.

19.     Plaintiff then selected the "Standard" shipping method for the contact lenses, which according to Defendant's website, would cost the Plaintiff an additional "$9.95."



20.     Plaintiff relied on said pricing information on the Defendant's website and decided to purchase the two boxes of contact lenses with "Standard" shipping.  Plaintiff did not purchase any other items through this order.

21.     When it came time for Plaintiff to submit his order, the "Order Total" for Plaintiff's purchase came out to "$222.91."



22.     Based on the pricing information and representations made by Defendant on its website throughout this ordering process, the total purchase price for Plaintiff's transaction (with

1   shipping costs included) should have only been $160.43, which means Defendant charged Plaintiff

2   an overage of $71.43.

3       23.    There were no other line-item charges listed on Plaintiff's "Order Summary",

4   pictured above, to account for the overage of $71.43.

5       24.    There were likewise no other line-item charges or surcharges listed on Plaintiff's

6   order confirmation to account for the overage of $71.43.



23      25.    Notwithstanding this mysterious overage charge of $71.43, Defendant claims that it

24   is "completely transparent and let[s] you decide what's best for you." on its website.

25      26.    Customers who visit Defendant's website are likely to, and Plaintiff did in fact,

26   submit his order without noticing that the Defendant inflated its prices and charged Plaintiff for

27   more than the prices advertised on its website.

28      27.    Plaintiff's experience is not unique.  Lens.com's Google advertisements for a 90-

pack of DAILIES AquaComfort Plus contact lenses, pictured below, prominently advertises the price that Lens.com charges for that box of contacts: $19.69, whereas competitor's prices include $36.95 and $55.49 for the same product.



28.     Lens.com's website lists the same price for the product, as pictured below.[2]



---

[2] https://www.lens.com/contact-lenses/p-tw4ix/1-day-acuvue-moist/90-pack

29.     Reasonable consumers would and do understand these statements to mean that it costs $19.69 to purchase this product from Lens.com through its website, as it would from any honest merchant. No reasonable consumer expects that an advertised price hides an arbitrary and fictitious "processing fee" that will substantially increase the price of such a purchase.

30.     After a consumer using Lens.com's website selects the items for their purchase and clicks the "Continue" option, they are asked to upload a copy of or manually provide full information for their prescription, as pictured below:[3]



31.     The consumer is then directed to another screen and required to provide their prescribing doctor's contact information to Lens.com:[4]

---

[3] *Id.*
[4] *Id.*



32.     Even after going through all of these steps, the Lens.com website still misrepresents to consumers that they will be paying the advertised price (in this example, $19.69) for their purchase as the process then takes them to a summary of the consumer's "Shopping Cart":[5]



---

[5] *Id.*

33.     When the consumer leaves this page, showing the advertised prices, by clicking "Go To Checkout" they are then asked for their shipping information:[6]



34.     Only below this box, and under the "Continue" button that prompts the consumer to advance to the next page where it would not be initially visible on most devices' displays, is there an "Order Summary" that provides the only indication of the actual, higher cost of the purchase:[7]

---

[6] *Id.*
[7] *Id.*

35.     Even this "Order Summary" still displays the inaccurate advertised price (in this example, $19.69 per box). It adds a significant but unidentified "Taxes & fees" to the total, which far exceed any taxed owed on such a purchase ($94.96 in the above example). This results in the actual Lens.com price for its products being much higher than the price it advertised to consumers.

36.     The only way for a consumer to get any information on this tucked-away line item is if they (i) notice the "Order Summary" portion of the screen under the Continue button that advances past it, (ii) notice the "Taxes and fees" line, (iii) recognize it is higher than warranted by normal taxes and standard industry fees, and (iv) clicks on the faded grey "i" symbol to prompt a popup display.  Even then, that popup box simply states, in its entirety, that "Taxes are tax recovery charges for tax obligations where applicable and the fees are compensation for servicing your order" as pictured below:[8]

---
[8] *Id.*



37.     When the consumer clicks the "Continue" button, often without having seen the Order Summary hiding below it, they are taken to a screen to enter their payment information which only displays the total amount of the purchase, without identifying the supposed taxes and fees that have inflated the price:[9]

38.     Many consumers do not notice the hidden "taxes and fees" line item (or do not notice that the amount shown far exceeds any taxes that could possibly be applicable), and do not notice

---

[9] *Id.*

that the amount being charged for it or the for "Order Total" on the very last page is much higher than what it should be based on Defendant's representations.  Such consumers, like Plaintiff, go through with the purchase without realizing that they are being charged a price much higher than the advertised price that induced them to visit Lens.com's website in the first place.

39.     Defendant knowingly inflated its costs and unlawfully hid excess charges from customers, including Plaintiff. Upon information and belief, millions of Defendant's customers do not realize that they have been subject to such hidden overcharges.

40.     Defendant's advertisements are falsified and misleading to attract customers, like the Plaintiff, to its website.

41.     Defendant's website contains misrepresentations regarding its prices and feeds customers misleading information in a deceptive manner. The prices listed on Defendant's website deceptively lured Plaintiff to buy his contact lenses from the Defendant.

42.     Defendant's representations are material to the customer's decision-making process and have the capacity to deceive, and actually do deceive, customers, including Plaintiff.

43.     As a result of Defendant's conduct, Plaintiff and others similarly situated, have been damaged.

**Class Action Allegations**

44.     This matter is brought by Plaintiff on behalf of himself and those similarly situated under Rule 23 of the Federal Rules of Civil Procedure.

45.     The Class that Plaintiff seeks to represent is defined as follows:

> All persons in the United States overcharged by Lens.com for undisclosed or improperly disclosed fees or other deceptive price increases through orders on its website (the "Class").

46.     Excluded from the Class are Defendant Lens.com; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

47.     This action is brought as a class action for the following reasons:

a.     The Class consists of thousands of persons or more and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

     i.     Whether Lens.com's sales and billing practices, as alleged herein, are unjust and unreasonable in violation of the law.

     ii.     Whether Lens.com's website adequately discloses all terms, fees, and conditions of purchases to consumers as required under the law;

     iii.     whether Lens.com was unjustly enriched by the concealing fees from consumers;

     iv.     whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

     v.     whether Lens.com should be enjoined from the unlawful practices alleged herein;

c.     The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection, identity theft, and consumer fraud;

e.     Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Lens.com;

f.     Defendant has acted on grounds that apply generally to the Class so that final injunctive relief prohibiting Lens.com from continuing their deceptive, unconscionable practices is appropriate with respect to the Class as a whole;

g.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.     Absent a class action, Class Members, as a practical matter, will be unable to obtain redress, Lens.com's unlawful practices will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

ii.    It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.   When the liability of Lens.com has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.   A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense, and ensure uniformity of decisions;

v.    The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.   Lens.com has acted on grounds generally applicable to Class Members, making class-wide monetary and injunctive relief appropriate.

## FIRST CAUSE OF ACTION
**Violation of Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §598.0903, *et seq*.**
**(On Behalf Of Plaintiff And Class Members)**

48.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

49.    As repeatedly alleged herein, Lens.com has engaged in false, deceptive, or misleading acts, practices and/or omissions in connection with marketing and sales tactics for contact lenses on its website. In all such cases, the alleged acts, practices and omissions were, and are, in violation of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §598.0903, *et seq*., specifically including but not limited to "false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions." Nev. Rev. Stat. § 598.0915 (13).

50.     Lens.com used or employed an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with its efforts to coerce Plaintiff and Class Members to purchase its products, in violation of Nev. Rev. Stat. §598.0903, *et seq*.

51.     Defendant's misrepresentations and nondisclosures are material, as a reasonable person would have attached importance to said information and would be induced to act on said information in making purchase decisions.

52.     Plaintiff and Class Members reasonably relied on the representations and/or omissions of the Defendant to purchase products from the Defendant.

53.     Plaintiff and class members suffered financial harm as a consequence of Defendant's false advertising and misrepresentations.

54.     Plaintiff brings this cause of action pursuant to Nev. Rev. Stat. Ann. § 41.600, which authorizes a private right of action for "any person who is a victim of consumer fraud", including violations of the Nevada Deceptive Trade Practices Act.

## SECOND CAUSE OF ACTION
### Violation of Covenant of Good Faith and Fair Dealing
### (On Behalf Of Plaintiff And Class Members)

55.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

56.     Defendant, by engaging in the acts hereinabove described, has violated the covenant of good faith and fair dealing under the common law.

57.     Defendant abused its discretion by imposing various fees and charges on its customers, including Plaintiff, and by failing to properly disclose said charges at the point of purchase.

58.     Upon information and belief, Defendant imposes extra fees and hidden surcharges on customers like Plaintiff as a covert way of increasing its profits.

59.     Defendant's imposition of extra fees and hidden surcharges defied the reasonable

1   expectations of consumers, including Plaintiff.

2       60.    Defendant's conduct was objectively unreasonable, arbitrary and in bad faith and

3   therefore has the effect of denying consumers like Plaintiff the full benefit of their bargain with the

4   Defendant.

5       61.    Plaintiff performed all of his obligations toward the Defendant, whereas there is no

6   legitimate excuse or defense for Defendant's conduct.

7       62.    As a result of Defendant's conduct, Plaintiff and class members have been damaged.

8       63.    Because Defendant cannot defend its overcharging and cannot find any grounds to

9   excuse its abuses of discretion, it cannot preclude the Plaintiff for recovering for Defendant's

10  breaches of good faith and fair dealing.

11

12                        **DEMAND FOR TRIAL BY JURY**

13      64.    Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a

14  trial by jury.

15

16                           **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff and the putative Class Members pray for the following relief:

18      1.    An order certifying the class defined above, appointing Plaintiff as class

19            representative and appointing his attorneys as class counsel;

20      2.    Equitable and injunctive relief;

21      3.    Restitution;

22      4.    Judgment for damages, including actual, statutory, treble and punitive, where

23            applicable;

24      5.    Pre- and post-judgment interest on the above amount;

25      6.    Attorney's fees and costs of this action; and

26      7.    For such other and further relief as may be just and proper, including but not limited

27            to a preliminary and permanent order enjoining Defendant and its agents,

28            employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful

1       and unfair acts and practices alleged herein.

2

3  Dated:  April 12, 2024

4                             By:  */s/ Craig B. Friedberg*

                              Craig B. Friedberg, Esq.

5                               Nevada Bar No. 004606

                              LAW OFFICES OF CRAIG B. FRIEDBERG,

6                               ESQ.

                              4760 South Pecos Road, Suite 103

7                               Las Vegas, Nevada 89121

                              Tel: (702) 435-7968

8                               attcbf@cox.net

9                               Matthew R. Mendelsohn

10                              MAZIE SLATER KATZ & FREEMAN, LLC

                              103 Eisenhower Parkway

11                              Roseland, New Jersey 07068

                              Tel: (973) 228-9898

12                              mrm@mazieslater.com

                            (*Pro Hac Vice* forthcoming)

13

14                              Todd S. Garber

                             FINKELSTEIN, BLANKINSHIP,

15                            FREI-PEARSON & GARBER, LLP

                            One North Broadway, Suite 900

16                            White Plains, New York 10601

                            Tel: (914) 298-3281

17                            tgarber@fbfglaw.com

                          (*Pro Hac Vice* forthcoming)

18

19                            Amir J. Goldstein

                           THE LAW OFFICES OF AMIR J. GOLDSTEIN,

20                          ESQ.

                          7304 Beverly Boulevard, Suite 212

21                          Los Angeles, CA 90036

                         Tel: (323) 937-0400

22                          ajg@consumercounselgroup.com

23

24                          *Attorneys for Plaintiff*

25

26

27

28