BOIES SCHILLER FLEXNER LLP
Richard J. Pocker (SBN 3568)
Email: rpocker@bsfllp.com
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone:  (702) 382-7300

THORPE NORTH & WESTERN LLP
Mark M. Bettilyon (*Pro Hac Vice*)
Email: mark.bettilyon@tnw.com
Jed H. Hansen (*Pro Hac Vice*)
Email: hansen@tnw.com
175 South Main, Suite 900
Salt Lake City, Utah 84111
Telephone:  (801) 566-6633

*Attorneys for Defendants Lens.com, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OREN FRANKS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>LENS.COM, INC.,<br><br>      Defendants. | Case No.: 2:24-cv-0724<br><br>**DEFENDANT LENS.COM'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**<br><br>Judge: Jennifer A. Dorsey<br><br>Action Filed: April 12, 2024 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..........................................................................1

II.    ARGUMENT ...............................................................................2

    A.   Franks' Hypothetical Facts Are Improper. ........................................2

    B.   Franks Needs to Correct His "Mathematical Error." ........................3

    C.   Franks' Claims Are Deficient. .........................................................3

        1.   The NDTPA Claim is Deficient. ...............................................4

        2.   The Breach of Good Faith and Fair Dealing Claim is Deficient. ........................................................................5

    D.   Franks Fails to Allege Damages. ......................................................7

        1.   No Damages Are Properly Alleged Under Either Claim. ........7

        2.   Franks Received the True Value of His Purchase. ...................7

        3.   Franks Does Not Allege Search Costs or Lost Time ...............8

        4.   Franks Reliance on *New Vision* is Misplaced. ........................9

    E.   Franks Lacks Article III Standing .....................................................10

    F.   Franks Lacks Standing for Injunctive Relief. ..................................11

III.   CONCLUSION .........................................................................12

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................ 6

*Bass v. Facebook,*
    394 F. Supp. 3d 1024 (N.D. Cal. 2019) .................................. 9

*Canal Ins. Co. v. Dara Transp., Inc.,*
    2010 U.S. Dist. LEXIS 66422 (E.D. Cal. July 1, 2010) ........... 3

*Castillo v. Geico Cas. Co.,*
    446 F. Supp. 3d 710 (D. Nev. 2020) ...................................... 4

*Clapper v. Amnesty Int'l USA,*
    568 U.S. 398 (2013) .............................................................. 12

*Davidson v. Kimberly-Clark Corporation,*
    889 F.3d 956 (9th Cir. 2018) ................................................ 12

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.,*
    2016 U.S. Dist. 152838 (S.D. Cal. Nov. 3, 2016) ................... 8

*Ebeid ex. Rel. US v. Lungwitz,*
    616 F.3d 993 (9th Cir. 2010) ................................................ 4

*Fireman's Fund Ins. Co. v. Maryland Cas. Co.,*
    26 Cal. Rptr. 2d 762, 770 (Cal. Ct. App. 1994) ..................... 6

*Harris v. LSP Prods. Grp., Inc.,*
    2021 WL 2682045 (E.D. Cal. June 30, 2021) ........................ 11

*In re Anthem, Inc. Data Breach Litig.,*
    2016 U.S. Dist. LEXIS 70594 (N.D. Cal. May 27, 2016) ......... 9

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.,*
    2020 U.S. Dist. LEXIS 80736 (S.D. Cal. May 7, 2020) ........... 9

*Kahn v. Walmart, Inc.,*
    2024 U.S. App. LEXIS 16267 (July 3, 2024) .......................... 9

*Leigh-Pink v. Rio Props., LLC,*
    512 P.3d 322 (Nev. 2022) ..................................................... 8

*Manley v. MGM Resorts Int'l,*
    2023 WL 3737509, at *6 (D. Nev. May 30, 2023) ................... 4

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007) .............................................................. 3

*Monsanto Co. v. Geertson Seed Farms,*
    561 U.S. 139 (2010) .............................................................. 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ................................................................................ 2, 10

*Ortiz v. USAA Cas. Ins. Co.*,
    2023 U.S. Dist. LEXIS 185892 (D. Nev. Oct. 17, 2023) ........................... 4

*Senanayake v. Rodli*,
    2009 U.S. Dist. LEXIS 149902 (D. Nev. Aug. 13, 2009) .......................... 6

*Shaw v. CitiMortgage, Inc.*,
    201 F. Supp. 3d 1222 (D. Nev. 2016) ........................................................ 6

*Stasi v. Inmediata Health Grp. Corp.*,
    501 F. Supp. 3d 898 (S.D. Cal. 2020) ........................................................ 9

**<u>Rules</u>**

Rule 12(b)(1) ................................................................................................ 11

Rule 12(b)(6) ................................................................................................ 12

LENS.COM'S REPLY ISO MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF LAW

## I.  INTRODUCTION

Franks' Opposition to Lens.com's Motion to Dismiss underscores his failure to properly plead facts in his Complaint demonstrating that he is entitled to relief. Franks cannot supplement his Complaint through attorney argument in an Opposition. In order to prevent a litigant from constantly shifting positions and pivoting to avoid a loss, the law requires Franks to identify the specific, concrete facts that form the basis of his asserted relief. He has not done so here.

Bearing the above in mind, Franks' Complaint should be dismissed for several reasons. First, Franks' Complaint includes a hypothetical purchase that is speculative and conjectural. Hypothetical facts cannot confer Article III standing and must be removed from the Complaint. If Franks actually took the actions described in his hypothetical, he should clearly allege that he did so.

Second, in addition to hypothetical facts, Franks' Complaint also includes a "mathematical error." Franks claims that he paid an alleged "overage" that is not identified in his Complaint by anything other than the admittedly wrong amount. Fair notice requires that the error be corrected.

Third, Franks never explains *how* Lens.com violated the Nevada Deceptive Trade Practices Act (NDTPA) (First Cause of Action).

Fourth, in his claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Second Cause of Action), Franks never pleads that a contract exists between the parties or how that contract was breached. In his Opposition, Franks states that Lens.com has previously alleged in other related cases that Lens.com's Terms of Use form a binding contract. That is true. But on the present record, Lens.com does not have any notice regarding what Franks thinks is the contract between himself and Lens.com.

Fifth, Franks fails to allege damages and fails to explain why he did not receive the full benefit of his bargain. Franks contends that "he identifies specific,

deceptively concealed 'fees' for which [Lens.com] billed [Franks] … without providing anything of value at all." However, Franks does not identify in his Complaint any "fee" that he paid. Nor does he explain how such a "fee" was "concealed." Franks alleges that he paid a "mysterious overage of $71.43" that is only identified by the wrong amount. If Franks is alleging that he paid $62.48 in "Taxes & fees," then he should allege it in his Complaint. If he is alleging that the "Taxes & fees" were not disclosed prior to his purchase, then he should allege it in his Complaint.

Sixth, Franks argues for the first time in his Opposition that he suffered "search costs" and "lost time" injuries suggesting that he would have gone elsewhere to purchase contact lenses for less money. These allegations are not alleged anywhere in Franks' Complaint. Nor does Franks cite any case law identifying these as cognizable injuries under the specific facts of this case.

Lastly, because Franks has not alleged an injury-in-fact that is concrete, particularized, or actual, he does not have Article III standing and may not seek relief on behalf of himself or any member of the class. Even if Franks had Article III standing, Franks still would lack standing for injunctive relief because he cannot plead a *certainly impending* injury. Nowhere in his Complaint or in his Opposition does Franks state that he intends to purchase contacts from Lens.com in the future. And, even if he did, Franks will always know the price he will be required to pay on Lens.com's website before he agrees to purchase products.

For these reasons, Lens.com's Motion to Dismiss should be granted.

## II.   ARGUMENT

### A.   Franks' Hypothetical Facts Are Improper.

The parties agree that Franks' alleged injury must be real and concrete, not conjectural or hypothetical. Opposition ("Opp.") at 5; *see O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). A hypothetical injury is not actionable. "[A]ctions based solely on hypothetical facts need not be entertained by federal courts." *Canal Ins.*

*Co. v. Dara Transp., Inc.*, 2010 U.S. Dist. LEXIS 66422, at *9 (E.D. Cal. July 1, 2010) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

In his Complaint, Franks describes a hypothetical purchase of contact lenses that he did not make. Complaint ("Compl") ¶¶ 27–38. Franks argues that the "role" of this hypothetical purchase is to show "how any given consumer using [Lens.com's] website *would be* victimized." Opp. at 6:20–22 (emphasis added). Hypothetical allegations of how a "given consumer … *would* be victimized" are pure speculation. Similarly, facts alleging "false, deceptive, or misleading acts" which "*might affect*" others are conjecture. Opp. at 8:14–16 (emphasis added).

Franks' hypothetical purchase is speculative and conjectural. It is not real or concrete and, therefore, cannot form the basis for any of Franks' claims or for Article III standing. Should any of Franks' claims survive this Motion, his Complaint should be amended to remove all hypothetical facts. The facts alleged in the Complaint must center on Franks' interaction with Lens.com. If Franks actually performed any of the actions provided in his hypothetical, he should clearly allege that *he* did them.

### B.    Franks Needs to Correct His "Mathematical Error."

In addition to hypothetical facts, Franks' Complaint also includes "mathematical error." Opp. at 2 n.2. In his Opposition, Franks clarified that he "inadvertently stated that the overage was $71.43 instead of the correct amount $62.48." *Id.* This erroneous amount must be corrected.

### C.    Franks' Claims Are Deficient.

Even disregarding Franks' hypothetical facts and correcting his "mathematical error," Franks' claims are still deficient. His first cause of action is deficient because Franks never explains *how* Lens.com violated the Nevada Deceptive Trade Practices Act (NDTPA). His second cause of action (Breach of the Implied Covenant of Good Faith and Fair Dealing) is deficient for two reasons. First, Franks fails to support the broad conclusory statements in his claim with

facts. Second, Franks never identifies what contract existed between the parties that was allegedly breached.

### 1. The NDTPA Claim is Deficient.

Franks' NDTPA claim "merely quotes the statutory language" and "fails to allege facts plausibly showing a violation of any statutory section." *Ortiz v. USAA Cas. Ins. Co.*, 2023 U.S. Dist. LEXIS 185892, at *10 (D. Nev. Oct. 17, 2023) (quoting *Castillo v. Geico Cas. Co.*, 446 F. Supp. 3d 710, 714 (D. Nev. 2020)). While Franks contends that he "alleges numerous facts that plausibly show a violation of the NDTPA," he never explains *how* the alleged facts violate the statute. Opp. at 8:2−3. Franks fails to connect the dots between his alleged facts and the elements of his NDTPA claim. This is improper—especially in view of the heightened standard required by Rule 9(b). *See e.g., Manley v. MGM Resorts Int'l*, 2023 WL 3737509, at *6 (D. Nev. May 30, 2023) ("The Court agrees that, in addition to Rule 8's pleading requirements, [Plaintiff's] NDTPA claim is subject to Rule 9(b)'s heightened pleading standard because it sounds in fraud."). This rule requires Franks "to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex. rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). Franks "must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted). Franks has not done so.

Franks' NDTPA claim comprises seven paragraphs. The first paragraph (¶ 48) "repeats and re-alleges the allegations contained in the proceeding paragraphs." Compl. ¶ 48. The next paragraph (¶ 49) cites the statute and includes a conclusory statement that "Lens.com has engaged in false, deceptive, or misleading acts, practices and/or omissions in connection with marketing and sales tactics for contact lenses on its website." *Id.* ¶ 49. Franks fails to explain *how* Lens.com "has engaged in false, deceptive, or misleading acts, practices and/or omissions." Franks also does not explain specifically what Lens.com did that was

"false, deceptive, or misleading."

The third paragraph (¶ 50) includes another conclusory statement and a citation to the statute. Again, Franks does not explain *how* Lens.com "used or employed an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with its efforts to coerce Plaintiff and Class members to purchase its products, in violation of Nev. Rev. Stat. §598.0903, *et seq.*" Compl. ¶ 50.

The remaining four paragraphs (¶¶ 51–54) of Franks' NDTPA claim again provide only conclusory statements reciting claim elements.

Franks maintains that he "very clearly identifies specific acts by [Lens.com] which would constitute a 'false, deceptive, or misleading' act," but he does not show *how* he has properly done so in his Complaint. Opp. at 8:10–12. Rather, Franks attempts to connect the dots between his alleged facts and the elements of his asserted claims in his Opposition. Franks must do this in his Complaint.

### 2.  The Breach of Good Faith and Fair Dealing Claim is Deficient.

Franks' Breach of the Implied Covenant of Good Faith and Fair Dealing claim is deficient for two reasons. First, Franks' claim comprises broad conclusory statements unsupported by any specific factual allegations in the Complaint. For example, Franks' claim alleges that Lens.com "imposes extra fees and hidden charges on customers like Plaintiff as a covert way of increasing its profits." Compl. ¶ 58. It further alleges that the "imposition of extra fees and hidden surcharges defied the reasonable expectations of consumers, including Plaintiff." *Id.* ¶ 59. And that this conduct was "objectively unreasonable, arbitrary and in bad faith." Again, without relying on hypotheticals, Franks needs to connect the dots between his alleged facts and the elements of his claim.

Second, and perhaps more importantly, Franks does not allege the existence of a contract between the parties. Franks does not deny that a "prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties." *Senanayake v. Rodli*, 2009 U.S. Dist. LEXIS 149902, at *19 (D. Nev. Aug. 13, 2009) (quoting *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 26 Cal. Rptr. 2d 762, 770 (Cal. Ct. App. 1994)). But, in his Complaint, Franks does not allege the existence of a contract at all.

In his Opposition, Franks contends that "a valid contract was formed when [he] made a purchase on [Lens.com's] website." Opp. at 14:12. But, this fact is not alleged in Franks' Complaint. He must identify what the valid contract was that was allegedly formed between the parties and what express provision of that contract he claims the implied covenant attached to and was allegedly breached. *See e.g., Shaw v. CitiMortgage, Inc*., 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) ("a breach of the implied covenants of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.") (quotations omitted).

Franks accuses Lens.com of "gamesmanship" because, in cases related to this one, Lens.com argued that there is a valid contract between the parties based on Lens.com's Terms and Conditions of Use. Opp. at 14. Rather than gamesmanship, Lens.com is simply requiring Franks to properly plead "enough facts to state a claim that is plausible on its face," as required by law. *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quotation omitted). Lens.com does not dispute that the parties' Terms of Use constitute a valid contract between the parties. However, if Franks believes that to be true, he should allege this fact in his Complaint. Otherwise, Lens.com is left to guess what Franks is alleging, thereby allowing Franks to shift and pivot his legal theory throughout the lawsuit. To the extent Franks intends to rely on the Terms of Use, in addition to specifically

pleading same, he must identify what provision of the Terms of Use the implied covenant attaches to and was allegedly breached as the implied covenant does not exist in a vacuum.

### D.   Franks Fails to Allege Damages.

Under both his NDTPA and Breach of Implied Covenant claims, Franks fails to allege damages.

#### 1.   No Damages Are Properly Alleged Under Either Claim.

In his Opposition, Franks contends that "he identifies specific, deceptively concealed 'fees' for which [Lens.com] billed [Franks] … without providing anything of value at all." Opp. at 9:27–10:2. In his Complaint, however, Franks alleges only that he paid a "mysterious overage of $71.43." This "mysterious overage" is identified in Franks' Complaint only by the amount "$71.43."[1] If Franks is alleging that he paid "Taxes & fees" but would have sought cheaper lenses elsewhere had he known of the fees, then he should allege it in his Complaint. Hypothetical charges that "some customers" might not be aware of are not enough.

#### 2.   Franks Received the True Value of His Purchase.

In his Opposition, Franks contends that he "did not receive the true value of his purchase." Opp. at 9:22. However, Franks does not allege any facts in the Complaint supporting this contention. Franks alleges only that he paid a total price of $222.91 for two boxes of contacts. Compl. ¶ 21. Franks does not allege that he did not receive the contacts, that he did not use them, or that the products were defective. Franks also does not allege in his Complaint that he would have paid less money purchasing the same contacts from a different online retailer or from his eye doctor. If Franks can allege facts showing that he did not receive the true value of his purchase, he should include those facts in an amended complaint.

---

[1] Frank concedes this amount should be $62.48.

Franks attempts to distinguish *Leigh-Pink v. Rio Props., LLC*, 512 P.3d 322 (Nev. 2022). Franks contends that "the defendant in *Leigh-Pink* actually provided value for the daily resort fees it charged in the form of access to a swimming pool and other specific amenities … despite a *legionella* outbreak at the property. Opp. at 10:6−9. Franks argues that in contrast to *Leigh-Pink*, he "properly alleged a deceptively concealed charge for which he received nothing of value at all." Opp. at 10:10−11. Franks cites ¶¶ 16−26 from his Complaint for this proposition. *Id.* None of those paragraphs state that Franks did not receive the benefit of his bargain.

### 3.     Franks Does Not Allege Search Costs or Lost Time.

In his Opposition, Franks argues that he suffered "search costs" and "lost time" injuries. These injuries are not alleged anywhere in Franks' Complaint. His failure to plead these injuries aside, Franks cited authority for this damage theory is distinguishable.

Franks' reliance on a Federal Trade Commission's proposed rulemaking to establish his "lost time" damages theory lacks merit. The FTC's *proposed* rulemaking is not law.  Franks also cites several data breach cases in support of his contention that he suffered an injury for "search costs" or "lost time." Opp. 12:13−13:7. Franks cited authority is distinguishable. In the cited data breach cases the courts found that time spent "mitigating financial losses," "monitoring [their] credit," "ensuring that their … information was no longer accessible on the internet," "ensuring that their information did not reappear on the internet," "ensuring that they had not, would not, become victims of identify theft," and "other tasks associated with responding to a data breach" are "specific, concrete, and non-speculative" harm. *See Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 U.S. Dist. 152838, at *25 (S.D. Cal. Nov. 3, 2016) ("mitigating financial losses"); *In re Anthem, Inc. Data Breach Litig.*, 2016 U.S. Dist. LEXIS 70594, at *166−67 (N.D. Cal. May 27, 2016) ("credit monitoring"); *Stasi v. Inmediata*

1    *Health Grp. Corp.*, 501 F. Supp. 3d 898, 917–18 (S.D. Cal. 2020) (ensuring that

2    "medical information was no longer accessible via the internet" and "did not

3    reappear on the internet;" and avoiding identity theft); *In re Solara Med. Supplies,*

4    *LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1296 (S.D. Cal.

5    2020) ("other tasks associated with responding to a data breach"); and *Bass v.*

6    *Facebook*, 394 F. Supp. 3d 1024, 1035 (N.D. Cal. 2019) ("time needed to set

7    things straight"). No similar facts are alleged in the Complaint.

8        The facts of *Kahn v. Walmart, Inc.*, 2024 U.S. App. LEXIS 16267 (7th Cir.

9    July 3, 2024) are likewise inapplicable here. The plaintiff in *Kahn* brought a claim

10   against Walmart where he noticed an additional charge on his receipt *after paying*

11   for his goods. *Id.* at 4. Franks concedes that he saw the final purchase price *before*

12   he submitted his order. Compl. at ¶ 21.

13       In sum, Franks makes no allegations in his Complaint that he somehow lost

14   time as result of Lens.com's actions. He certainly cannot allege that he lost time

15   "mitigating financial losses," monitoring his credit, or preventing identify theft.

16   Franks cites no case law identifying "lost time" or "search costs" as cognizable

17   injuries under the facts of this case. If Franks believes he can support a legal claim

18   based on lost time, he should allege facts in his Complaint in support.

19           **4.    Franks Reliance on *New Vision* is Misplaced.**

20       Franks contends that a recent case in the Southern District of Florida

21   involving Lens.com, *New Vision v. Unlimited, LLC v. Glasses USA, Inc., et al.*,

22   applies here. Opp. at 13:8–19. However, Franks' reliance on *New Vision* is

23   misplaced. The facts and alleged injury in *New Vision* are different from this case.

24   In *New Vision*, the plaintiff was an optical shop, not a consumer. The brick-and-

25   mortar optical shop brought false advertising claims against Lens.com, claiming

26   that Lens.com's Google search advertising "lured" customers away from the

27   optical shop because Lens.com "advertised their products at deceptively low

28   prices." *New Vision*, 2023 U.S. Dist. LEXIS 86992, *3, 18 (S.D. Fla. May 18,

2023).

Lens.com argued that New Vision had no claim because "any conceivable deception is cured by the Defendants' full disclosure of the added processing fees prior to the consummation of the purchase." *Id.* at *8. In its opinion denying Lens.com's motion to dismiss, the *New Vision* court rejected these arguments, noting that "the materiality of the processing fees was not material to its decision," because it was "Defendants' ads that drives consumers to the Defendants' websites and then ultimately influences their final purchasing decisions." *Id*. *20. The *New Vision* court thus did not rule on disclosure issues or any of the other facts material to this case, and instead denied the motion to dismiss because the court determined the focus was on the allegedly false prices found in the Google advertising—not on the "mysterious overage" at issue here. *New Vision* is also not relevant because it was a Lanham Act claim brought by a competitor focused on allegedly false advertisements. *Id.* at *2–4.

### E.   Franks Lacks Article III Standing.

To have Article III standing, Franks "must demonstrate an injury-in-fact that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged actions; and redressable by a favorable ruling.'" Opp. at 5:3–5 (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). The parties agree that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." Opp. at 6:25–27 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Because Franks has not alleged an injury-in-fact that is concrete, particularized, or actual, he does not have Article III standing and may not seek relief on behalf of himself or any member of the class.

Franks' alleged payment of a "mysterious overage charge of $71.43" is otherwise unidentified in his Complaint. Compl. ¶ 25. Also, Franks has not alleged

that "he would not have purchased the contact lenses" had he known about the alleged "overage" in advance. While Franks argues that he makes this allegation in his Opposition (*see* Opp. p. 5), it is noticeably absent from the Complaint. Thus, Franks has not pleaded that he suffered an "injury-in-fact." Consequently, Franks lacks Article III standing and all his claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Franks contends that even if he had "noticed the overage before purchasing and declined to follow through, there would still would have been harm because of [Lens.com's] active efforts to obscure the overages throughout the entire purchase process." Opp. at 5. This contention lacks merit for two reasons. First, Franks does not allege any facts showing Lens.com's "active efforts to obscure" the alleged but otherwise unidentified "overage of $71.43." Compl. ¶ 22. Second, Franks provides no case law in support of his position that a consumer who "had noticed the overage before purchasing and declined to follow through" would nonetheless have been harmed.

In his Opposition, Frank's argues that the "fee" is not a fee for any service; it is a made-up charge that no consumer has reason to anticipate." Opp. 9:2–3. However, in his Complaint, Franks does not allege any facts to support his conclusion that the alleged "overage" is a "made-up charge that no consumer has reason to anticipate."[2] Nor does Franks identify the "overage" as a "fee."

**F.   Franks Lacks Standing for Injunctive Relief.**

Franks contends he has standing to seek injunctive relief. Case law is clear that a request for injunctive relief as a prospective remedy requires that "the threatened injury must be *certainly impending* to constitute injury in fact." *Harris v. LSP Prods. Grp., Inc.*, 2021 WL 2682045, at *8 (E.D. Cal. June 30, 2021) (citation omitted) (emphasis in original).

---

[2] To the extent Franks is relying on the hypothetical purchase provided in his Complaint, Franks cannot rely on hypotheticals to establish standing.

Here, Franks does not identify a "certain" or "impending" injury. In fact, he has not pleaded sufficient facts to allege he was injured at all. He alleges that he purchased contacts lenses from Lens.com and paid an agreed-upon price. Compl. ¶¶ 16–25. Nowhere in his Complaint or in his Opposition does Franks state that he intends to purchase contacts from Lens.com in the future.

In his Opposition, Franks cites *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956 (9th Cir. 2018) for the proposition that the plaintiff in *Davidson* faced "a threat of imminent or actual harm by not being able to rely on Kimberly-Clark's labels in the future, and that this harm is sufficient to confer standing to seek injunctive relief." Opp. at 15, citing *Davidson*, 889 F.3d at 967. These arguments are inapplicable here. In *Davidson*, the plaintiff bought "flushable" wipes that were not "flushable." 889 F.3d at 961. The Ninth Circuit held the plaintiff there had properly articulated a "threatened injury" related to Kimberly Clark's flushable wipes because she had "no way of determining whether the representation 'flushable' is in fact true" when she "regularly visits stores … where Defendants' 'flushable' wipes are sold." *Id.* at 972 (internal quotations omitted).

Franks alleges no facts similar to those found in *Davidson*. To the contrary, Franks will always know the price he will be required to pay on Lens.com's website before he agrees to purchase products. And Franks' Complaint is completely bereft of any factual allegations which might fall within the *Davidson* decision. Franks thus has not and cannot allege sufficient facts to establish standing to assert a claim for injunctive relief.

## III.   CONCLUSION

For the reasons provided above, the Court should dismiss all Franks' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Alternatively, the Court should grant Franks an opportunity to amend his Complaint.

1    DATED: June 26, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOIES SCHILLER FLEXNER LLP

By: */s/ Richard J. Pocker*
Richard J. Pocker

THORPE NORTH & WESTERN LLP

Mark M. Bettilyon
Jed H. Hansen
Joseph M. Harmer

*Attorneys for Defendants Lens.com, Inc.*

LENS.COM'S REPLY ISO MOTION TO DISMISS COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I electronically filed the foregoing **LENS.COM'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** using the CM/ECF system, which will send notification of filing to all counsel of record.

<u>*/s/ Richard Pocker*</u>
Richard Pocker