**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Oren Franks,

Plaintiff

v.

Lens.com,

Defendant

Case No.: 2:24-cv-00724-JAD-NJK

**Order Granting in Part Defendant's Motion to Dismiss with Leave to Amend**

[ECF No. 13]

The pursuit of affordable contact lenses has been a turbulent journey for Oren Franks. Franks ordered prescription contact lenses from the website of defendant Lens.com, realizing only after completing his purchase that the advertised price had been significantly increased by a hidden "processing fee." So Franks filed this putative nationwide class action[1] against Lens.com for violation of the Nevada Deceptive Trade Practices Act (NDTPA) and violation of the implied covenant of good faith and fair dealing. Lens.com moves to dismiss all of his claims, arguing that Franks lacks Article III standing and that he has failed to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Because Franks has not identified a contract between the parties or shown that he is at risk of future harm, I grant Lens.com's motion to dismiss Franks's claim for bad faith and his request for injunctive relief with leave to amend. But I deny the motion in all other respects because Franks has pled his NDTPA claim with the plausibility and particularity required by federal pleading standards.

[1] Though styled as a nationwide class action, this case has not been so certified.

**Background**[2]

Franks visited the Lens.com website in October 2022 and decided to purchase two boxes of contact lenses after the website showed him that the lenses would cost $150.48 plus $9.95 for standard shipping.[3] Only after he submitted his order did Franks discover that the price had jumped to $222.91.[4] No "line-item charges" on Franks's order summary or order confirmation explained this price difference.[5]

The additional charge is displayed only on the shipping-information page as a "taxes & fees" total.[6] If a customer clicks on that charge for more information, the full explanation provided for the charge is that "[t]axes are tax recovery charges for tax obligations where applicable and the fees are compensation for servicing your order."[7] According to Franks, "the amount shown far exceeds any taxes that could possibly be applicable."[8] He avers that this charge is deliberately hidden from consumers and assessed by Lens.com "as a covert way of increasing its profits."[9] And he alleges upon information and belief that millions of Lens.com customers have been similarly duped.[10]

---

[2] This is merely a summary of facts alleged in Franks's complaint, ECF No. 1, and should not be construed as findings of fact.

[3] ECF No. 1 at 4–5, ¶¶ 17–20.

[4] *Id.* at 5, ¶ 21; *Id.* at 6, ¶ 26.

[5] *Id.* at 6, ¶¶ 23–24.

[6] *Id.* at 10, ¶ 34.

[7] *Id.* at 11, ¶ 36.

[8] *Id.* at 12, ¶ 38.

[9] *Id.* at 16, ¶ 58.

[10] *Id.* at 13, ¶ 39.

Franks sues, claiming that Lens.com has violated the NDTPA and the implied covenant of good faith and fair dealing.[11] He styles his complaint as a class action and seeks equitable and injunctive relief, restitution, damages, pre- and post-judgment interest on those damages, attorney's fees, and any other "just and proper" relief.[12] Lens.com moves to dismiss all of Franks's claims under Federal Rules of Civil Procedure (FRCP) 12(b)(1) and 12(b)(6), arguing that he lacks Article III standing and has failed to state a claim.[13]

## Discussion

### A. Franks generally meets the requirements for Article III standing, but he doesn't allege facts establishing standing for injunctive relief.

FRCP 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[14] A Rule 12(b)(1) challenge may be either factual (contesting the truth of the complaint's allegations) or facial (contesting the sufficiency of the complaint's allegations to invoke federal jurisdiction).[15] Lens.com facially challenges Franks's standing under Rule 12(b)(1). In resolving a facial attack, the court must take all well-pled facts in the complaint as true because "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[16]

---

[11] *Id.* at 15–17, ¶¶ 48–63.
[12] *Id.* at 17.
[13] ECF No. 13 at 1.
[14] Fed. R. Civ. P. 12(b)(1).
[15] *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[16] *Id.*

The party asserting federal jurisdiction has the burden of establishing all of its requirements, including Article III standing.[17] The "irreducible constitutional minimum" of Article III standing requires that the plaintiff show (i) "an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[18]

***1. Franks has shown that he suffered a concrete pocketbook injury.***

Lens.com insists that all of Franks's claims should be dismissed because he hasn't established injury.[19] It argues that Franks hasn't shown an injury in fact because he asserts mathematically incorrect damages for himself and otherwise relies on "hypothetical" damages for his potential class members.[20] Franks responds that being "duped" into paying an additional fee meets the requirements of Article III regardless of his arithmetic error.[21]

Named plaintiffs in class-action suits "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong."[22] But Article III standing is satisfied for a class action suit if just one named plaintiff meets standing requirements.[23] Franks is the only named plaintiff in this case.

---

[17] *Id.*; *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[18] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up); *TransUnion LLC v. Ramirez*, 549 U.S. 413, 423 (2021).

[19] ECF No. 13 at 5–6.

[20] *Id.* at 1.

[21] ECF No. 20 at 5.

[22] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 354 n.6 (2016) (quoting *Simon v. Eastern Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)).

[23] *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2011), *overruled on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005)).

So to establish injury in fact, he must plead that he personally experienced "an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent.'"[24] He must show that he was "concretely harmed" by Lens.com's statutory violation,[25] and this concrete injury must "actually exist"—an abstract harm is not enough to meet the requirements of Article III standing.[26] "If a defendant has caused [] monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."[27]

Lens.com argues that Franks's complaint must be dismissed because he made a mathematical error[28]—Franks alleges that he was charged an additional $71.43 in hidden fees, but by Lens.com's math, he was only charged just $62.48.[29] Franks concedes that he erred in calculating this harm in his complaint,[30] but whether he paid $62.48 or $71.43 extra will not determine whether he actually suffered an injury. The court's task is not to evaluate Franks's arithmetic—it's to determine whether the facts in the complaint, taken as true, amount to a concrete injury. I find that they do.

The complaint shows that Franks bought contact lenses from Lens.com and that the price the Lens.com website showed him ($160.43 including shipping) was less than he was actually charged ($222.91).[31] Franks explains that he made the purchase without noticing the price

---

[24] *Spokeo, Inc.*, 578 U.S. at 339 (cleaned up) (quoting *Lujan*, 504 U.S. at 560).
[25] *TransUnion LLC*, 594 U.S. at 427.
[26] *Spokeo, Inc.*, 578 U.S. at 339.
[27] *TransUnion LLC*, 594 U.S. at 425.
[28] ECF No. 13 at 6.
[29] ECF No. 1 at 5–6, ¶ 22; ECF No. 13 at 2.
[30] ECF No. 20 at 2 n.1.
[31] ECF No. 1 at 4–5, ¶¶ 17–21.

change[32] because the added fees were shown just once, inconspicuously, on the shipping-information page.[33] These facts are sufficient, on their face, to show a pocketbook injury of $62.48.

While I reject Lens.com's argument that Franks's miscalculation of the additional fee warrants dismissal, I recognize that leaving this error in the complaint risks confusion. FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires,"[34] but the Supreme Court has recognized that "undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment" are reason enough to deny such leave.[35] Because it will prevent unnecessary confusion and will not cause undue prejudice to Lens.com, I grant Franks leave to amend his complaint to correct his erroneous fee calculation.

***2. Franks hasn't established Article III standing to seek injunctive relief.***

Franks requests "equitable and injunctive relief."[36] Lens.com argues that this remedy request should be dismissed for lack of standing because Franks hasn't shown a threat of future harm.[37] As the named plaintiff, Franks must show that he personally is under threat of this future harm—"[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."[38]

---

[32] *Id.* at 6, ¶ 26.

[33] *Id.* at 11, ¶ 36.

[34] Fed. R. Civ. P. 15(a).

[35] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[36] ECF No. 1 at 17.

[37] ECF No. 13 at 12–13.

[38] *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

"To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."[39] Past harm alone is insufficient to meet Article III standing requirements for injunctive relief, though it can be evidence of a threat of future injury.[40] A plaintiff must also establish that any threats of future injury are sufficiently immediate and real.[41] And in consumer-fraud actions, the Ninth Circuit has held that "[c]onsumer fraud plaintiffs can satisfy the imminent-injury requirement by showing they 'will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [they] would like to.'"[42]

Both parties cite the Ninth Circuit decision *Davidson v. Kimberly Clark Corp.* to support their standing arguments.[43] *Davidson* held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase."[44] In that case, a consumer bought wipes labeled as flushable but later learned that they were not suitable for flushing down toilets. Even though the consumer had not purchased the wipes

---

[39] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).
[40] *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).
[41] *Id.* at 497 (quoting *Golden v. Zwickler*, 394 U.S. 103, 109 (1969)).
[42] *DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240 (9th Cir. 2024) (cleaned up) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)).
[43] ECF No. 13 at 15; ECF No. 20 at 15; ECF No. 21 at 12.
[44] *Davidson*, 889 F.3d at 969.

again,[45] the Ninth Circuit held that her "inability to rely on the validity of the information advertised" by the defendant satisfied the injury requirement of Article III standing.[46]

Franks could have standing to seek injunctive relief despite knowing about the additional fee, but he must plausibly allege future harm. That could be knowing that he can't "rely on the product's advertising or labeling in the future,"[47] though the Ninth Circuit has stated that *Davidson* provides "non-exclusive examples" of plausible threatened future harm.[48] But Franks does not allege that he is at risk of any future injury in his complaint.[49] That he "[has] been damaged"[50] by Lens.com's allegedly fraudulent actions in the past isn't enough to establish Article III standing for this remedy prayer.

FRCP 15(a) advises that "leave [to amend] shall be freely given when justice so requires."[51] District courts consider the following factors to determine if leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment.[52] But absent "apparent or declared" futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment.[53]

---

[45] *Id.* at 962.
[46] *Id.* at 971.
[47] *Id.* at 970.
[48] *In re Coca-Cola Prod. Mktg. and Sales Prac. Litig.*, 2021 WL 3878654 at *1 (9th Cir. Aug. 31, 2021).
[49] *See* ECF No. 1.
[50] *Id.* at 13, ¶ 43.
[51] Fed. R. Civ. P. 15(a).
[52] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).
[53] *Foman*, 371 U.S. at 182.

I do not find those circumstances here, so I grant Franks leave to amend his complaint if he can allege the threat of future harm.

**B.     Franks's NDPTA claim is pled with the plausibility and particularity required by Rules 12(b)(6) and 9(b).**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[54] When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[55] A fraud claim must meet this plausibility standard and comply with the heightened particularity requirement of FRCP 9(b).[56] Rule 9(b) requires that a party "alleging fraud [] must state with particularity the circumstances constituting fraud."[57] This particularity requirement ensures that fraud claims are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud."[58]

The Supreme Court of Nevada has held that Nevada Rule of Civil Procedure 9(b), which is identical to FRCP 9(b),[59] applies to NDTPA claims.[60] And the Ninth Circuit has held that the

---

[54] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[56] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

[57] Fed. R. Civ. P. 9(b).

[58] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[59] *See* Nev. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(b).

[60] *Davenport v. GMAC Mortg.*, 2013 WL 5437119 at *3 (Nev. Sept. 25, 2013) (unpub.); *Davenport v. Homecomings Fin., LLC*, 2014 WL 1318964 at *3 (Nev. Mar. 31, 2014) (unpub.).

Rule 9(b) particularity requirement applies to state-law causes of action and claims "grounded in fraud" even if fraud is not a necessary element.[61]

A claim is "grounded in fraud" if a plaintiff alleges "a unified course of fraudulent conduct and [relies] entirely on that course of conduct as the basis of that claim."[62] The unified course of fraudulent conduct alleged here is the additional fee added to purchases on the Lens.com website. Franks maintains that he and many other consumers have been tricked into paying a "price much higher than the advertised price that induced them to visit Lens.com's website in the first place" because Lens.com "knowingly inflated its costs and unlawfully hid excess charges from customers."[63] This alleged unified course of fraudulent conduct is the entire basis of Franks's claims, which are thus "grounded in fraud."

***1. Franks adequately states an NDTPA claim.***

Lens.com moves to dismiss Franks's NDTPA claim under FRCP 12(b)(6), arguing that he "fails to allege facts showing a violation of any specific subsection of the NDTPA."[64] But that isn't the appropriate inquiry for a Rule 12(b)(6) dismissal. The Ninth Circuit "long ago rejected the argument that a specific statute must be named, describing it as an 'attempt to evoke wholly out-moded technical pleading rules.'"[65] Franks's complaint does cite two specific NDTPA provisions in addition to the statute as a whole,[66] but the relevant consideration is

---

[61] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

[62] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

[63] ECF No. 1 at 12–13, ¶¶ 38–39.

[64] ECF No. 13 at 1.

[65] *Sagana v. Tenorio*, 384 F.3d 731, 737 (9th Cir. 2004) (quoting *Bowers v. Campbell*, 505 F.2d 1155, 1157 n.2 (9th Cir. 1974)).

[66] Franks cites NDTPA Section 598.0915 (13) at ECF No. 1 at 15, ¶ 49 and Section 41.600 at ECF No. 1 at 16, ¶ 54.

whether his allegations are sufficient to put Lens.com on notice of the factual and legal bases of his NDTPA claim.[67] Franks alleges that Lens.com engaged in fraudulent conduct with the intent to deceive customers and describes in detail the hidden-fee scheme that constitutes that fraudulent conduct. This is enough to put Lens.com "on notice" for Rule 12(b)(6) purposes.

Lens.com also contends that Franks has failed to show the "who, what, when, where, and how" required by FRCP 9(b).[68] But Franks's complaint sufficiently addresses each interrogative: "Who" is Franks and other similarly misled Lens.com customers.[69] "What" is an additional fee that raises the total cost of purchases above the price advertised by Lens.com.[70] "When," for Franks, is around October 2022.[71] "Where" is the Lens.com website and "how" is the discreet inclusion of the additional fee only on the shipping-information page, and not on a customer's order confirmation or elsewhere.[72] Franks has identified these circumstances and provided the "whats" and "hows" necessary to survive a Rule 12(b)(6) motion to dismiss.

***2. Franks's NDTPA claim sufficiently alleges damages.***

To state a claim under the NDTPA, a plaintiff must allege damages.[73] Lens.com argues that Franks's NDTPA claim should be dismissed for the additional reason that he fails to allege such damages,[74] contending that Franks's complaint doesn't identify "any" fee or explain how

---

[67] *Semegen*, 780 F.2d at 731.

[68] ECF No. 21 at 4.

[69] *See* ECF No. 1 at 13, ¶ 43.

[70] *See id.* at 2, ¶ 3.

[71] *See id.* at 4, ¶ 16.

[72] *See id.* at 10, ¶ 34.

[73] *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).

[74] ECF No. 13 at 10.

any fee was concealed.[75] Lens.com's characterization of the complaint is simply untenable as the majority of the complaint is dedicated to discussing how Franks unknowingly paid an additional charge and explaining how it was, in his opinion, deliberately hidden.[76] Lens.com relies on the Supreme Court of Nevada's statement that "a Plaintiff who has suffered no injury has not been damaged under the [NDTPA]."[77] But, as I discussed supra in Section A.1, Franks has sufficiently alleged a legally cognizable injury pocketbook injury.[78]

Also unpersuasive is Lens.com's argument that Franks can't recover because he received the benefit of his bargain.[79] Lens.com relies on the Nevada Supreme Court decision in *Leigh-Pink v. Rio Properties LLC* to support this argument, but the facts of that case are materially distinguishable from the ones alleged here. The plaintiffs in *Leigh-Pink* paid a "resort fee" to access telephones, computers, and a fitness room, and they were actually granted access to those amenities.[80] In contrast, Franks alleges that the additional fee he paid was "a made-up charge" that didn't buy him any benefit or service.[81] So I find that Franks isn't barred from pursuing his NDTPA claim because he received the benefit of his bargain—taking the facts of his complaint as true, he received no benefit in exchange for the additional fee.

---

[75] ECF No. 21 at 1–2.

[76] ECF No. 1 at 3–13.

[77] ECF No. 13 at 10 (quoting *Leigh-Pink v. Rio Properties, LLC*, 512 P.3d 322, 327 (Nev. 2022)).

[78] ECF No. 1 at 6, ¶ 26.

[79] ECF No. 13 at 10.

[80] *Leigh-Pink*, 512 P.3d at 324.

[81] ECF No. 1 at 3, ¶ 14.

**C. Franks hasn't established the existence of a contract, so he hasn't sufficiently stated a claim for a violation of any implied covenant of good faith and fair dealing.**

Lens.com also seeks to dismiss Franks's claim for breach of the implied covenant of good faith and fair dealing, arguing that no contract or special relationship was formed between the parties.[82] "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."[83] But before the court can imply a covenant, it must find a contract. As the Supreme Court of Nevada has explained, "[l]iability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. When no contractual relationship exists, no recovery for bad faith is allowed."[84]

Franks alleges that Lens.com violated the covenant but doesn't explain when or how a contract formed.[85] Indeed, the word "contract" never appears in his complaint. Both parties acknowledge that Lens.com has argued in other cases that a contract is formed when a consumer purchases a product of the Lens.com website,[86] but Lens.com's arguments before other courts do not relieve Franks of his responsibility to sufficiently state a claim before this one. He must plausibly allege that there is a contract between the parties in order to state a claim for the breach of a covenant implied in such a contract. Because I do not find that it would be futile or

---

[82] ECF No. 13 at 11.

[83] *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1158 (9th Cir. 2002) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 200 (Cal. 1958)).

[84] *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989) (cleaned up).

[85] ECF No. 1 at 16–17, ¶¶ 55–63.

[86] ECF No. 20 at 14; ECF No. 21 at 1.

prejudicial to Lens.com, I grant Franks leave to amend his complaint to identify the contract in which this allegedly breached covenant is contained.

**Conclusion**

IT IS THEREFORE ORDERED that Lens.com's motion to dismiss **[ECF No. 13] is GRANTED IN PART.** Franks's breach-of-the-implied-covenant-of-good-faith-and-fair-dealing claim and request for injunctive relief are dismissed with leave to amend. Franks should also use this opportunity to correct the mathematical error in his complaint. Franks has until October 8, 2024, to file the amended complaint. If he fails to do so, this case will proceed on the non-dismissed claims and remedies only.

U.S. District Judge Jennifer A. Dorsey
September 23, 2024