**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OREN FRANKS, *et al*., | Case No. 2:24-cv-00724-JAD-NJK |
|       Plaintiffs, | 2:24-cv-01149-JAD-NJK |
| | 2:24-cv-02160-JAD-NJK |
| v. | 2:24-cv-02203-JAD-NJK |
| | **Order** |
| LENS.COM, INC., | |
|       Defendant. | [Docket No. 49] |

Pending before the Court is the parties' proposed discovery plan.  Docket No. 49.

The parties disagree about the impact of the discovery in the Florida action on discovery in this Court.  Defendant requests that the Court "take into account the overlapping and duplicative discovery" when considering the differing views regarding requests for interrogatories and depositions.  *Id*. at 4.  For example, Defendants submit that Plaintiffs have seven remaining interrogatories because Plaintiff Franks has already served four interrogatories and Plaintiff Martin has served fourteen interrogations in the action in Florida.  *Id*. at 7.  Plaintiffs submit that discovery served in the action in Florida should not be counted against them in the instant matter.  *Id*. Defendant cites no legal authority that it is appropriate to combine depositions in separate actions for the purpose of the limit set out in Fed. R. Civ. P. 33 (a) (1).  Further, Defendant submits that Plaintiffs propose collectively propounding up to 75 interrogatories without justification or reasoning as to why that number is required.  Docket No. 49 at 7.  However, Rule 33 plainly states that a party may serve on any other party no more than 25 interrogatories, unless otherwise stipulated or ordered.  Fed. R. Civ. P. 33.  Thus, the Court finds that Plaintiffs do not need to justify the proposed numbers of interrogatories that falls below the limit set forth in Rule 33.

Additionally, the parties disagree as to the length of the discovery period.  *See* Docket No. 49 at 9-10.  Plaintiffs propose a discovery schedule two months greater than the presumptively reasonable schedule to account for the time in ruling on consolidation.  *Id*. at 9.  Defendant, however, wants deadlines that are "at least seven months" greater than the presumptively reasonable deadlines "due to its pending Motion for Transfer and Centralization pending before

the JPML, the need for formal consolidation of *Gonneville*, and critically, its significant discovery burden." *Id*. at 10.  The pendency of a motion to transfer alone does not establish good cause for an extended discovery period.  The case will proceed regardless of the resolution of that motion; therefore, any discovery conducted in the interim will not be a waste of time and resources.  *See Matze v. Parler LLC*, 2024 WL 4226549, at *1 (D. Nev. Sept. 18, 2024).  Additionally, the Court is not persuaded by the "significant" discovery burden on Defendant.  *See* Docket No. 49 at 11.

Further, as United States District Judge Jennifer A. Dorsey stated, "some of these cases have been pending for a year and have been slowed by motion practice.  Further delays risk loss of evidence as memories fade, and so I think it's important, especially now that we're going to be consolidating the discovery of these case, that we truly start moving forward on that process."  Docket No. 46 at 35.  The undersigned agrees.  As the Court has made clear, there is no reason for additional delays.  *See* Docket No. 31 at 2, n1.

Accordingly, the parties' proposed discovery plan is **DENIED**.  Docket No. 49.  Case management deadlines are hereby **SET** as follows:

- Amend pleadings/add parties:  September 12, 2025
- Fact discovery cutoff:  October 10, 2025
- Initial experts:  November 10, 2025
- Rebuttal experts:  December 10, 2025
- Expert discovery cutoff: January 12, 2026
- Class certification and dispositive motions:  February 13, 2026
- Joint proposed pretrial order: March 13, 2026, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: March 25, 2025

Nancy J. Koppe
United States Magistrate Judge