# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OREN FRANKS,<br>    Plaintiff,<br>v.<br>LENS.COM, et al.,<br>    Defendants. | Case No. 2:24-cv-00724-JAD-NJK<br>**Scheduling Order**<br>[Docket No. 56] |

Pending before the Court is a stipulation, wherein the parties ask the Court to extend the discovery deadlines and issue an amended scheduling order. Docket No. 56.

The parties submit that they have agreed to participate in a global mediation to attempt to resolve all disputes against this defendant in the pending Nevada and Florida actions. *Id*. at 2. The parties further submit that the mediation has been scheduled for October 1, 2025. *Id*. As a result of the pending mediation, the parties ask the Court to extend the remaining case management deadlines, "to relieve [them] from the burden of [conducting] discovery that will not be needed, should these matters settle." *Id*. at 3. The parties make it clear in their stipulation that they do not intend to conduct discovery until after the October 1, 2025, mediation if it is unsuccessful. *Id*. at, *inter alia*, 3, 4, 5, 6. The Court therefore construes this stipulation as a request to stay discovery pending the mediation.

Seeking relief from the case management schedule to accommodate mediation requires discussion of several considerations:

> Courts may exercise their discretion to extend case management deadlines to foster the prospects of settlement in appropriate cases. Context in making such a request is important. Courts are more likely to allow delay on this basis when, *inter alia*, a meaningful showing is made that the parties have otherwise been diligent in prosecuting the case, the request is made preemptively rather than after the parties agreed without judicial approval to avoid their discovery obligations, the parties are reasonably close to settlement or there is otherwise a substantial likelihood of settlement,

1

> settlement is more likely achievable if certain litigation obligations are delayed in the interim, substantial judicial or party resources may be spared if settlement is achieved, and/or a concrete date is set in the relative near-term by which the settlement discussions or alternative dispute resolution will be completed.

*Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022).

The Court finds that the parties have been diligent in conducting discovery thus far, that they have a concrete date in the near-future for mediation, that settlement at that mediation is likely more achievable if discovery obligations are delayed in the interim, and that party resources may be spared if settlement is achieved.

Accordingly, the parties' stipulation, construed as a stipulation to stay discovery pending the mediation, is **GRANTED**. Docket No. 56. Discovery is stayed pending the October 1, 2025, mediation. The parties are **ORDERED** to file a status report regarding the results of the mediation, no later than October 8, 2025. In the event the parties do not achieve a settlement at the mediation, the parties must also file a joint request to reset the remaining deadlines, no later than October 8, 2025.

IT IS SO ORDERED.

Dated: September 3, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge