**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Oren Franks,

Plaintiff

v.

Lens.com,

Defendant

AND CONSOLIDATED ACTIONS

Case No.: 2:24-cv-00724-JAD-NJK

**Order Granting in Part Defendant Lens.com's Motion to Dismiss Angela Gonneville's Claims but Denying Its Motion to Dismiss Rickey Martin's Claims**

[ECF Nos. 69, 72]

This is a putative class action by consumers in four different states who sue their contact-lens retailer over allegedly hidden fees added to their products' advertised prices. Plaintiff Rickey Martin asserts claims for breach of contract and unjust enrichment, while Plaintiff Angela Gonneville asserts those same causes of action plus breach of the implied duty of good faith and fair dealing and a violation of the Massachusetts Consumer Protection Law. Lens.com moves to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6) as insufficiently pled. Because I find that all of their claims are sufficiently pled except for Gonneville's breach-of-contract claim, I grant Lens.com's motion to dismiss that claim only.

**Background**[1]

Rickey Martin purchased contact lenses on the Lens.com website five times in 2021. He alleges that after placing each of those orders, he received a receipt that showed the assessment of additional "taxes and fees" that weren't taxes at all but rather processing fees disclosed to

[1] This is merely a summary of facts alleged in these plaintiffs' amended complaints and should not be construed as findings of fact.

consumers only after they placed their orders.[2] Martin claims that he entered into a binding contract with Lens.com to pay taxes and fees, but Lens.com breached the contract because those charges were in fact not taxes or fees.[3] He alternatively alleges that Lens.com was unjustly enriched by collecting the falsely labeled charges.[4] Martin styles his complaint as a class action on behalf of all similarly situated Florida consumers.[5]

From 2019–2021, Angela Gonneville placed three orders of contact lenses with Lens.com. She was hit with similar, undisclosed processing charges, and she only learned of some of them when she received packing forms with the deliveries.[6] Gonneville claims that she entered into an agreement to pay an amount for her purchase that did not include "a processing and/or handling charge" and that Lens.com breached that agreement and its implied covenant of good faith and fair dealing when it assessed the additional, undisclosed fees.[7] She, too, claims that Lens.com has been unjustly enriched by collecting the undisclosed fees.[8] And she adds a claim for violation of the Massachusetts Regulation of Business practices for Consumers Protection Act, theorizing that "[u]sing undisclosed, excessive junk fees to increase profit at the expense of consumers constituted . . . unfair and deceptive acts and practices in violation of

---

[2] *Martin v. Lens.com*, 24-cv-2160-JAD-NJK at ECF No. 1-1 at 10.

[3] *Id*. at 16.

[4] *Id*. at 17.

[5] *Id*. at 11. Martin also filed a claim for a violation of the Florida Deceptive and Unfair Trade Practices Act, but that claim is pending in Florida State Court while Martin's other claims were transferred here. *See Martin*, 24-cv-2160-JAD-NJK at ECF No. 50 (transfer order).

[6] *Gonneville v. Lens.com*, 24-cv-1151-JAD-NJK at ECF No. 15 at 7–8.

[7] *Id*. at 12.

[8] *Id*. at 14.

consumer protection laws."[9] She seeks to represent a nationwide class of disgruntled Lens.com customers.[10]

Lens.com moves to dismiss all of Martin and Gonneville's claims as insufficiently pled. It argues that Martin has not plausibly alleged a breach-of-contract claim because he acknowledges that the fee was part of his bargain—he just disputes its label. And it contends that Martin can't state an unjust-enrichment claim because the parties had an enforceable contract, and unjust-enrichment claims are plausible only in the absence of a contract.[11] Plus, he received exactly what he bargained for, so Lens.com has not been unjustly enriched. As to Gonneville, Lens.com argues that she concedes in her complaint that she was aware of the full price before finalizing her purchases and that knowledge dooms all of her claims.[12] And it adds that her consumer-protection claim fails because she hasn't alleged an injury beyond deception, which isn't actionable.

**Discussion**

District courts employ a two-step approach when evaluating a complaint's sufficiency on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[13] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[14] The court must then consider whether the well-pled

---

[9] *Id*. at 15.

[10] *See generally id.*

[11] ECF No. 69 (motion to dismiss Martin's claims).

[12] ECF No. 72 (motion to dismiss Gonneville's claims).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[14] *Id.*

factual allegations state a plausible claim for relief.[15] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[16] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[17]

**A. Martin has sufficiently alleged a breach-of-contract claim.**

Lens.com argues that Martin's breach-of-contract claim is insufficient because he has not "describe[d] a breach of contract" or damages.[18] It explains that Martin acknowledges that the "Taxes & Fees" line item he was charged was a material term of the contract, which he accepted each time he purchased contacts at a price that included that line item.[19] So "[h]e got exactly what he was entitled to by the terms of the contract."[20]

This argument misconstrues Martin's theory. He alleges that he contracted to pay taxes and fees, not merely a processing fee. So when it turned out that he didn't owe any taxes so Lens.com wasn't collecting any taxes—just a processing fee—it breached the deal.[21] As Martin pleads it, Lens.com "breached . . . by charging [him] for 'Taxes & Fees' when [he] did not owe any taxes in the first place" and "when the fee was entirely a 'Processing' fee . . . that . . . had no relation to the actual costs of processing. . . ."[22] At this early stage in the litigation, these

---

[15] *Id.* at 679.

[16] *Id.*

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] ECF No. 69 at 10.

[19] *Id.*

[20] *Id.*

[21] *Martin*, 24-cv-2160-JAD-NJK at ECF No. 1-1 at 16, ¶ 48.

[22] *Id.*

allegations are enough to state a breach and damages. So I deny Lens.com's request to dismiss Martin's breach-of-contract claim under FRCP 12(b)(6).

**B. Gonneville has alleged a plausible bad-faith claim, but not a plausible breach-of-contract claim.**

Gonneville's contract claims are a little different. They are founded on "the terms and conditions on the Lens.com site."[23] She theorizes that because "[t]he terms and conditions do not mention a processing and/or handling charge for online orders of contact lenses, . . . Lens.com breached its agreement with [her] when it charged a hidden processing and/or handling fee in connection with the contact-lens orders."[24] And she claims that Lens.com breached the spirit of those terms and conditions by "assess[ing] hidden junk fees . . . labeled as processing and/or handling fees."[25] "Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices."[26]

Lens.com argues that "Gonneville does not sufficiently allege breach. Despite relying on the Terms of Use, she does not tie her breach of contract claim to any terms from the Terms of Use."[27] And it attacks her bad-faith claim by contending that none of her allegations satisfy two of the elements: (1) that Lens.com breached its duty of good faith by performing in a manner unfaithful to the purpose of the contract or (2) that Gonneville's justified expectations were denied.[28]

---

[23] *Gonneville*, 24-cv-1151-JAD-NJK at ECF No. 15 at 12.

[24] *Id*. at ¶¶ 37 & 39 (cleaned up).

[25] *Id*. at ¶ 46.

[26] *Id*. at ¶ 49.

[27] ECF No. 72 at 11.

[28] *Id*. at 12.

Gonneville has not pled the breach of an express term of any contract. "Breach of contract is the material failure to perform 'a duty arising under or imposed by agreement.'"[29] While Gonneville alleges that the website's terms and conditions didn't mention a processing fee,[30] she does not allege that those terms prohibited such a fee, nor does she identify any term of a contract that was violated by the imposition of such a fee. So I dismiss her breach-of-contract claim without prejudice but without leave to amend at this time because Gonneville has not shown that amendment would not be futile.

Her bad-faith claim fares better. "Even if a defendant does not breach the express terms of a contract, a plaintiff 'may still be able to recover damages for breach of the implied covenant of good faith and fair dealing.'"[31] This covenant "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other."[32] Gonneville alleges that "as a matter [of] pattern and practice," Lens.com "assessed hidden junk fees" that "were not described on" its "website or as part of the sale," they "varied from transaction to transaction," and "[n]ot including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices."[33] These allegations are sufficient to survive Rule 12(b)(6) dismissal on Gonneville's claim for breach of the implied covenant of good faith and fair dealing.

---

[29] *State Dep't of Transp. v. Eighth Jud. Dist. Ct.*, 402 P.3d 677, 682 (Nev. 2017) (quoting *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)). The parties do not dispute that these claims are governed by Nevada law.

[30] *Gonneville*, 24-cv-1151-JAD-NJK at ECF No. 15 at ¶ 37.

[31] *State Dep't of Transp.*, 402 P.3d at 683 (quoting *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922 (Nev. 1991)).

[32] *Id*. (quoting *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007)).

[33] *Gonneville*, 24-cv-1151-JAD-NJK at ECF No. 15 at ¶¶ 46, 47, 49.

**C. Both plaintiffs may proceed with their unjust-enrichment claims.**

Martin and Gonneville each plead an unjust-enrichment claim as an alternative to their contract claims. "Unjust enrichment occurs whenever a person has and retains a benefit [that] in equity and good conscience belongs to another,'"[34] and the Nevada Supreme Court has recognized that "unjust enrichment claims are 'notoriously difficult to define.'"[35] Lens.com argues that these claims must be dismissed because both plaintiffs acknowledge that they had express contracts with Lens.com, which is fatal to an unjust-enrichment claim as a matter of law, and that, regardless, each customer received the full benefit of their bargain: across multiple orders, they got the contact lenses that they paid for.[36]

Federal Rule of Civil Procedure 8(d) allows a party to present alternative theories of relief "regardless of consistency."[37] So the fact that a plaintiff has pled both an unjust-enrichment claim and a breach-of-contract claim does not mandate dismissal of any claim at the motion-to-dismiss stage. Martin and Gonneville have both included sufficient allegations to show that they did not get what they bargained for. In essence, both allege that they shopped at Lens.com because the retailer boasted low prices, but those advertised prices were low only because they omitted hidden processing fees that were collected—falsely—as taxes due. At this point, these allegations are enough. So I deny Lens.com's requests to dismiss Martin and Gonneville's unjust-enrichment claims.

---

[34] *Mainor v. Nault*, 101 P.3d 308, 317 (Nev. 2004) (quoting *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999)).

[35] *First Pecos, LLC v. Shustek*, 584 P.3d 141, 2026 WL 375915, at *2 (Nev. Feb. 10, 2026) (unpublished) (quoting *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007)).

[36] ECF No. 69 at 11–12; ECF No. 72 at 14–16.

[37] *See* Fed. R. Civ. P. 8(d)(2) & (3).

**D. Gonneville has plausibly alleged a deceptive-trade-practices claim.**

Finally, Lens.com moves to dismiss Gonneville's claim for violations of Massachusetts's Consumer Protection Act. Gonneville theorizes that Lens.com's assessment of an undisclosed processing fee couched as taxes and fees "to increase profit at the expense of consumers" violated this state law.[38] The retailer moves to dismiss this claim, arguing that "Gonneville's complaint fails to identify any bargained-for characteristic of the contact lenses that she has not received. She got exactly what she paid for, no more and no less."[39] Lens.com likens this case to *Shaulis v. Nordstrom, Inc.*, in which the First Circuit upheld the dismissal of a similar claim for lack of injury.[40]

Shaulis bought a sweater for $49.97. The sweater's price tag listed that $49.97 cost but also showed a higher "Compare At" price of $218, for a savings of 77%.[41] Shaulis alleged that the "Compare At" price was a fraud designed to "mislead consumers about the quality of items," and she sued under the Massachusetts Consumer Protection Act, theorizing that she bought the sweater "only because the tag suggested that" it was worth more than the sale price.[42] The district court dismissed her claim for lack of a cognizable injury, and the First Circuit Court of Appeals affirmed. It reasoned that her complaint "fail[ed] to identify any bargained-for characteristic of the sweater that she had[d] not received. . . . At bottom then, Shaulis's alleged 'injury' is only that Nordstrom tricked her into believing that she was getting a bargain, and not . . . that the product itself was deficient in some objectively identifiable way. That perceived

---

[38] *Gonneville*, 24-cv-1151-JAD-NJK at ECF No. 15 at ¶¶ 60, 63.

[39] ECF No. 72 at 17 (citing *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017)).

[40] *Id.*

[41] *Nordstrom*, 865 F.3d at 4.

[42] *Id.* at 11.

adverse impact . . . does not state a legally cognizable economic injury under [the Massachusetts law] because it fails to identify anything objective that Shaulis bargained for that she did not, in fact, receive."[43]

But the facts of the *Nordstrom* case are materially different from Gonneville's case. Shaulis bought a sweater priced at $49.97, and that's the price she paid for it. Gonneville alleges that she did not discover that she'd been charged a processing fee on top of the contact-lens price tag until the products arrived: "The 'processing fee' was only disclosed on the packing form delivered with the contact lenses."[44] So Gonneville's injury was a calculable monetary one—she paid additional, hidden charges tacked on to her purchase. At this point, those allegations are enough to distinguish this case from *Nordstrom* and permit Gonneville's consumer-protection claim to move forward.[45]

**Conclusion**

IT IS THEREFORE ORDERED that Lens.com's motion to dismiss Rickey Martin's claims **[ECF No. 69] is DENIED**, and its motion to dismiss Angela Gonneville's claims **[ECF No. 72] is GRANTED as to Gonneville's breach-of-contract claim but DENIED as to all other claims.** So Martin's case proceeds on his claims for breach of contract and unjust enrichment, and Gonneville's case proceeds on her claims for breach of the implied covenant of

---

[43] *Id*. at 12.

[44] *Gonneville*, 24-cv-1151-JAD-NJK at ECF No. 15 at ¶ 20.

[45] *See, e.g.*, *Consentino v. Bridgestone Retail Ops., LLC*, 2024 WL 3983985, at *3 (S.D. Fla. Aug. 29, 2024) ("[A]llegations of businesses automatically adding undisclosed optional fees, or 'negative options' without alerting consumers, have been found sufficient to constitute deceptive or unfair practice under" state consumer-protection laws); (citing *Consentino* and finding that additional "Package Protection Fee" could be deceptive under California's analog statute).

good faith and fair dealing, unjust enrichment, and violation of the Massachusetts's Consumer Protection Act.[46]

U.S. District Judge Jennifer A. Dorsey
October 16, 2026

[46] The court is aware that additional motions are pending and will address them in due course.